**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JED STEWART LINEBERRY, #10296-078,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:06-CV-1326-N |
| ) | ECF |
| **HARLEY G. LAPPIN, et al.,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal inmate against the Federal Bureau of Prison (BOP) and federal officials in their individual and official capacities.[1]

Parties: Plaintiff is presently confined at FCI Seagoville in Seagoville, Texas. Defendants are BOP Director Harley G. Lappin, U.S. Attorney General Alberto Gonzales, the

---

[1] Plaintiff and thirteen other FCI Seagoville inmates (plus an intervener) initially filed this action jointly, along with a motion for temporary restraining order and for class certification, in the U.S. District Court for the District of Columbia. Following transfer of the joint action to this Court, District Judge Sam A. Lindsay dismissed the case without prejudice, directed the clerk to open new civil actions for each of the named plaintiffs, and required each plaintiff to file a separate complaint asserting his individual claims. *See* July 24, 2006 Order filed in *Beaird v. Lappin*, No. 3:06cv0967-L (N.D. Tex.).
    The present findings, conclusions and recommendation relate only to the individual claims for monetary damages asserted by Plaintiff Jed Stewart Lineberry in his complaint filed on August 17, 2006.

BOP, and the following FCI Seagoville employees:  Warden Dan Joslin, Safety Director Aaron Leftwich, Medical Director Joseph Capps, Nurse Scott Grow, Nurse Todd Ridge, Doctor Gordon Trueblood.[2]

The Court did not issue process in this case, pending preliminary screening.  On October 31, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on December 1, 2006.

Statement of Case:  Plaintiff's complaint, filed on August 17, 2006, seeks to sue Defendants, in their individual and official capacities, for the alleged "massive overcrowding" at FCI Seagoville which has exacerbated the following conditions of confinement:  ventilation, plumbing, living space, quality of food, law library, educational programs, recreational space, safety, medical and dental treatment, visitation and commissary, food services, and staff.  (Complaint at 8-24).  Plaintiff alleges violations of the Eighth Amendment of the United States Constitution.  (*Id.* at 5).  As jurisdictional bases, he relies on 28 U.S.C. § 1331, 42 U.S.C. § 1983, the Feral Tort Claims Act (FTCA) in 28 U.S.C. § 2671, *et seq*, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  (*Id.* at 3, 5-7).  Plaintiff requests monetary, declaratory, and injunctive relief.[3]  (*Id.* 24-41).

Findings and Conclusions:  The Court permitted Plaintiff to proceed *in forma pauperis*.

---

[2]   The BOP recently appointed Dave Berkebile as warden of FCI Seagoville.  Thus, the Court substitutes him, in his official capacity, for Defendant Dan Joslin.  *See* Fed. R. Civ. P. 25(d) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.").

[3]   Plaintiff also seeks "mandamus" relief, which is subsumed in his requests for injunctive relief.

His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the District Court. *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).[4]

In this recommendation, the Court addresses only Plaintiff's individual claims for monetary relief under *Bivens*.[5]

In *Bivens*, the United States Supreme Court established a cause of action for monetary damages against federal officials in their individual capacities for violations of federal constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

---

[4]  Section 1915A reads in pertinent part as follows:
The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."
28 U.S.C. § 1915A(a) and (b) (emphasis added).

[5]  Contemporaneously with the filing of this recommendation, the Court issued a supplemental questionnaire to Plaintiff inquiring about exhaustion of administrative remedies under the FTCA. *See* 28 C.F.R. §§ 543.30 through 543.32  The Court also issued process on the BOP and Warden Berkebile (in his official capacity) on Plaintiff's claims for declaratory and injunctive relief stemming from the "massive overcrowding" and the related conditions of confinement claims. The prohibitive feature of 42 U.S.C. § 1997e(e), requiring a physical injury before recovery, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); see also *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).
   Insofar as Plaintiff relies on 42 U.S.C. § 1983, his claims should be dismissed with prejudice as frivolous.  Section 1983 "applies to constitutional violations by state, rather than federal, officials." *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999).  Because all named Defendants are federal rather than state actors, any § 1983 claim necessarily fails.

A. *Bivens* Claims Against the BOP and Defendants in their Official Capacities

Plaintiff sues the BOP and all federal officials in their official capacities for monetary damages. (Complaint at 1-3). Claims for monetary damages against federal employees in an official capacity based upon allegations of constitutional violations are barred because they are considered as the actions of the federal agency by whom they are employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S.Ct. 3099, 3105 (1985). It is well established that a federal agency is immune from an action predicated on *Bivens*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994). Plaintiff has not identified any explicit waiver of immunity by the BOP or the U.S. Department of Justice (with respect to U.S. Attorney General Gonzales). Absent a waiver of sovereign immunity, the Court must dismiss Plaintiff's *Bivens* claims against the BOP and each Defendant, in his official capacity, for lack of jurisdiction. *Meyer,* 510 U.S. at 483-86, 114 S.Ct. at 1005-06 (holding that "[s]overeign immunity is jurisdictional in nature", and that *Bivens* cause of action cannot be brought against federal agency); *Govea v. ATF*, 2006 WL 3147324 (5th Cir. 2006) (unpublished per curiam) (same); *Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002) (noting that a *Bivens* action against federal agents acting in their official capacities is properly dismissed); *Serrano v. Addy*, 2004 WL 691203, *4, 1:03cv46-C (N.D. Tex., 2004) (monetary claim against individual federal defendants in official capacity must be dismissed for lack of jurisdiction); *Campbell v. Martinez*, 2003 WL 22410576, *2, 1:03cv46-C (N.D. Tex., 2003) (same).

B. *Bivens* Claims Against Defendants in their Individual Capacities

Plaintiff also seeks to hold federal officials individually liable for monetary damages under *Bivens*.

4

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) is mandatory before the filing of any suit challenging prison conditions. *See Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

Plaintiff has not exhausted his administrative remedies with respect to any of his individual claims for monetary damage, including his medical care claims. In answer to the questionnaire, Plaintiff merely relies on inmate John Beaird's attempt to exhaust administrative remedies in connection with the general overcrowding claim and related conditions of confinement claims. (*See* Answer to Question 2 and Exh. A). While a class member can exhaust on behalf of a class, such exhaustion is limited to claims for prospective injunctive relief. *Gates v. Cook*, 376 F.3d 323, 330 (5th Cir. 2004). Here the complaint seeks monetary relief for the overcrowding and general conditions of confinement, as well as for the denial of medical care for Plaintiff's lower body pain, sinus/allergy, vision, and teeth problems. (Answer to Question 1(c)). Plaintiff concedes that he did not exhaust his administrative remedies other than for "speaking to the staff about all issues within the plaintiff's cause of action." (Answer to Question 2). Moreover, none of the grievances attached to Plaintiff's answer to Question 2 were submitted by Plaintiff, nor did they relate to his personal claims, whether related to the general overcrowding and conditions of confinement, or personal medical care needs.

Accordingly, Plaintiff's individual *Bivens* claims for monetary damages against the Defendants in their individual capacities should be dismissed for failure to exhaust administrative remedies.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court enter a partial final judgment in favor of the BOP and all federal officials sued in their official capacities DISMISSING for want of jurisdiction Plaintiff's *Bivens* claims.

It is further recommended that the District Court enter a partial final judgment in favor of all federal officials sued in their individual capacities DISMISSING for failure to exhaust administrative remedies Plaintiff's *Bivens* claims, *see* 42 U.S.C. § 1997e(a), and DISMISSING with prejudice as frivolous Plaintiff's claims under 42 U.S.C. § 1983, *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 2nd day of March, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.