IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JED STEWART LINEBERRY, #10296-078, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1326-N |
| | ) | ECF |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a federal inmate.[1]

Parties: At the time of filing this action, Plaintiff was confined at FCI Seagoville in Seagoville, Texas. He was recently transferred to FCI Texarkana, Texas. *See* Plaintiff's notice of change of address dated July 31, 2007.

---

[1] Plaintiff and thirteen other FCI Seagoville inmates (plus an intervenor) initially filed this action jointly, along with a motion for temporary restraining order and for class certification, in the U.S. District Court for the District of Columbia. Following transfer of the joint action to this Court, District Judge Sam A. Lindsay dismissed the case without prejudice, directed the clerk to open new civil actions for each of the named plaintiffs, and required each plaintiff to file a separate complaint asserting his individual claims. *See* July 24, 2006 Order filed in *Beaird v. Lappin*, No. 3:06cv0967-L (N.D. Tex.). On August 17, 2006, Plaintiff filed the individual complaint at issue in this case, seeking monetary, declaratory and injunctive relief against the Bureau of Prisons (BOP) and federal officials in their individual and official capacities. On March 22, 2007, the Court entered a partial judgment dismissing Plaintiff's claims for monetary relief under 42 U.S.C. § 1983 and *Bivens.*

The remaining Defendants are the Bureau of Prisons (BOP) and Warden Dave Berkebile (in his official capacity).

Statement of Case: Plaintiff seeks to sue the BOP for alleged overcrowding at FCI Seagoville which has exacerbated numerous conditions of confinement, including living space, lighting, inadequate ventilation, sanitation, recreational facilities, food services, dining, laundry service and clothing supplies, personal hygiene items, fire safety, security, physical safety, increased exposure violent environment, increased psychological distress, access to educational programs, to the courts and health care. His remaining claims allege violations of the Eighth Amendment of the United States Constitution and the Federal Tort Claims Act (FTCA). He requests a reduction of the inmate population at FCI Seagoville through issuance of additional good time credits and various injunctions to address his allegations.

On March 2, 2007, the Magistrate Judge issued a supplemental questionnaire to Plaintiff inquiring about exhaustion of administrative remedies under the FTCA. The Court also issued process on the BOP and Warden Berkebile on Plaintiff's claims for declaratory and injunctive relief stemming from the "massive overcrowding" and the related conditions of confinement claims. On May 14, 2007, the BOP filed a motion to dismiss or, in the alternative, for summary judgment, arguing that Plaintiff failed to exhaust administrative remedies before filing this action, and that he failed to state a claim upon which relief may be granted.

Findings and Conclusions:

FTCA Claims:[2] As a jurisdictional prerequisite, the FTCA bars a claimant from

---

[2] Initially, the Court notes that the proper defendant in an FTCA case is the United States of America, not a particular federal agency or the director of that agency, such as Lappin or the BOP. See 28 U.S.C. § 2674. Even if the United States were substituted as defendant on

bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a).

The complaint states that Plaintiff "has correctly executed" exhaustion of administrative remedies as required by the FTCA, and that he "will . . . provide[]" all exhibits supporting exhaustion during discovery. (Complaint at 6). The above assertion is insufficient to establish that he complied with the jurisdictional prerequisite of filing an administrative claim with the BOP and either obtaining a written denial or waiting six months *prior to* filing his complaint. Moreover, Plaintiff has neither responded to the supplemental questionnaire, nor objected to the assertion in Defendants' motion that he did not file a tort claim against the United States with the BOP as set out in 28 C.F.R. §§ 543.30 through 543.32.

In *McNeil v. Unites States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 1984 (1993), the Supreme Court held that failure to completely exhaust administrative remedies *prior* to filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion *after* suit is filed. Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). In short, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed," *id.* (citing *McNeil,* 508 U.S. at 106, 113 S.Ct. at 1983), and a court has no authority to equitably expand its jurisdiction beyond the limits established by Congress. *Ramming v. United States*, 281 F.3d 158, 165 (5th Cir. 2001). Accordingly, Plaintiff's FTCA claims should be dismissed for want of jurisdiction.

---

the FTCA claim, Plaintiff would not be able to establish exhaustion of administrative remedies.

<u>Eighth Amendment Declaratory and Injunctive Relief Claims:</u>[3]  Plaintiff's recent transfer from FCI Seagoville to FCI Texarkana renders his claims for declaratory and injunctive relief moot.  *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if inmate was able to establish constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there).  Any suggestion of relief based on the possibility of a transfer back to FCI Seagoville is too speculative to warrant relief.  *See Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir.1987)).  Therefore, Plaintiff's declaratory and injunctive relief claims should be dismissed as moot.

Alternatively, even if the declaratory and injunctive relief claims were not rendered moot by Plaintiff's transfer, they would be subject to dismissal for failure to exhaust administrative

---

[3] In his motions and response filed on June 13 and 15, 2007, Plaintiff reiterates the allegations raised in his letter filed on May 18, 2007, and "Petition for Immediate Release" filed on June 14, 2007.  In summary, he complains about matters alleged to have occurred during the last few months -- namely two attacks by alleged gang members, a disciplinary action taken against him stemming from the first assault, and his confinement in the "hole" during the last two and one-half months (first as punishment for the disciplinary action, and then for his protection and potentially for a transfer to a medium security prison).  Plaintiff alleges that the above events establish that he has suffered a sufficient "injury" as a result of the "gang violence, illegals [sic], neglect, recklessness, and bad/unconstitutional policy advanced by the massive overcrowding."  (Plaintiff's Resp. to Mot. to Dism. at 4).

The limiting factor of 42 U.S.C. § 1997e(e), prohibiting an award of monetary damages absent a physical injury, does not apply in the context of requests for declaratory or injunctive relief sought to end an allegedly unconstitutional condition of confinement.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  Nonetheless, a prisoner plaintiff is still required to exhaust administrative remedies before pursuing judicial relief.

remedies, a mandatory requirement for an action challenging prison conditions. *See Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001)); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003).

42 U.S.C. § 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added); *see also Johnson*, 385 F.3d at 515; *Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell*, 162 F.3d at 891 (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)).

The Code of Federal Regulations (CFR) provides inmates a three-tiered administrative remedies process for complaints related to any aspect of confinement. 28 C.F.R. §§ 542.10-542.15. Prisoners have twenty days following the date of the event that is the basis for the request to file a formal written Administrative Remedy Request (commonly known as BP-9). 28 C.F.R. § 542.14. If a prisoner is not satisfied with the Warden's response to his request, he may file an appeal to the Regional Director (commonly known as BP-10) within twenty days of the date on the response. 28 C.F.R. § 542.15. Prisoners may then appeal to the General Counsel

within thirty days of the response from the Regional Director (commonly known as BP-11). *Id.* The CFR provides that "[w]hen the inmate demonstrates a valid reason for delay, these time limits may be extended." *Id.*

Plaintiff does not contend that he personally pursued the remedies set out in the Code of Federal Regulations. Rather he appears to rely on the Fifth Circuit's opinion in *Gates v. Cook*, 376 F.3d 323 (5th Cir. 2004), to support his argument that the remedies pursued by a fellow inmate, John Beaird, satisfied the requirements of § 1997e(a). In *Gates*, a death row prisoner brought suit on behalf of himself and other prisoners confined to Death Row, or Unit 32-C, in the Mississippi State Penitentiary in Parchman, Mississippi. *Id.* at 327. He alleged that certain conditions of confinement on Death Row violated the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.* After certifying the case as a class action, the trial court found that a number of the conditions on Death Row violated the Eighth Amendment. *Id.* The court then ordered that the Mississippi Department of Correction (MDOC) comply with injunctive relief designed to alleviate those conditions. *Id.*

On appeal, MDOC argued *inter alia* that the case should be dismissed because the trial court did not require all of the inmates who were members of the class to exhaust their administrative remedies. *Id.* at 329. The Fifth Circuit rejected this argument. It held that the fact that one class member had exhausted administrative remedies was sufficient to satisfy the PLRA's exhaustion requirement for the class of prisoners challenging conditions of confinement on Death Row. *Id.* at 330.

Plaintiff's exhaustion argument in this case is distinguishable from that considered in *Gates*. Although Plaintiff may have filed the initial action jointly in reliance on *Gates*, that

6

premise is no longer applicable. In July 2006, Judge Lindsay dismissed the joint action without prejudice and required each named plaintiff to file a separate complaint asserting his individual claims within thirty days. *See* Note 1 *supra*. In compliance with that order, Plaintiff filed his individual complaint on August 17, 2006. While Plaintiff did not submit a motion for joinder and class certification along with his individual complaint, Judge Godbey denied similar motions in the related cases on February 26, 2007, concluding that the motions failed to meet the requirements of Local Rule 23.2.

Moreover, it is still unclear whether Plaintiff and the proposed class members were housed in the same housing unit and whether they were subjected to the <u>same</u> conditions of confinement, which is a pre-requisite to class action certification. *See Gates*, 376 F.3d at 329 and 339 (class representative and the class members all resided in the same housing unit -- Unit 32-C also known as Death Row). As a matter of fact in *Gates*, the Fifth Circuit held the injunction invalid to the extent that it "purport[ed] to apply to parts of Unit 32 beyond Unit 32-C . . . ." *Id.* at 339 (citing *Thomas v. County of Los Angeles,* 978 F.2d 504, 509-10 (9th Cir.1992) (reversing an injunction as overbroad when it purported to apply to the entire Los Angeles County Sheriff's Department although the plaintiff's complaint and evidence only applied to one specific station)).

Even assuming Plaintiff had filed a motion for class certification in compliance with Rule 23, Federal Rules of Civil Procedure, and Local Rule 23.2, the Court notes that John Beaird, the purported class representative who supposedly exhausted on behalf of the class, is no longer a litigant before this Court. On March 28, 2007, Beaird filed a voluntary motion to dismiss his individual complaint, which Judge Godbey granted, *see Beaird v. Lappin*, 3:06cv1312-N,

rendering *Gates* all the more inapposite.

Therefore, Plaintiff's Eighth Amendment claims were never exhausted and, in the alternative, they should be dismissed without prejudice for failure to exhaust administrative remedies as required by § 1997e(a). *See Wendell*, 162 F.3d at 891-92; *see also Clifford v. Gibbs*, 298 F.3d 328, 333 (dismissing without prejudice for failure to exhaust administrative remedies under § 1997e(a)); *Scott v. Graham*, 54 Fed. Appx. 405 (5th Cir. 2002) (unpublished per curiam) (same); *Belasco v. Haro*, 2005 WL 1521756, *2 (N.D. Tex. Jun. 28, 2005) (1:05cv046-C) (dismissing federal prisoner's claims without prejudice for failure to exhaust administrative remedies under § 1997e(a)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's FTCA claims be DISMISSED for want of jurisdiction, and that his Eighth Amendment conditions of confinement claims, seeking declaratory and injunctive relief, be DISMISSED as moot or, alternatively, that they be DISMISSED without prejudice for failure to exhaust administrative remedies.

It is further recommended that Defendants' motion to dismiss (Docket #24) be GRANTED, and that Plaintiff's remaining motions (Docket #20, #29, #30, and #37) be

DENIED, the same being moot.

A copy of this recommendation will be mailed to Plaintiff and counsel for Defendants.

Signed this 20th day of August, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.